Prob 12
(Mod. For E.VA 07/07)

# UNITED STATES DISTRICT COURT
## for
## EASTERN DISTRICT OF VIRGINIA


JAN 2 2 2014

U.S.A. vs. Jason D. Perry

Docket No. ~~3711542~~

1:14-MJ-42

### Petition on Probation

COMES NOW CAROLYN J. NULF, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Jason D. Perry, who was placed on supervision by the Honorable John F. Anderson, sitting in the Court at Alexandria, Virginia, on the 13th day of December, 2012, who fixed the period of supervision at eighteen (18) months, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Returnable Date: **MARCH 11, 2014 AT 10:00 A.M.**

### ORDER OF COURT

Considered and ordered this **22nd** day of **January, 2014** and ordered filed and made a part of the records in the above case.
_____/s/_____ JFA
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1-15-14

Carolyn J. Nulf
U.S. Probation Officer
(703) 366-2119
Place Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
Page 2
RE: PERRY, Jason D.

OFFENSE: Driving While Intoxicated with BrAC of .08% or More, in violation of 36 CFR Section 4.23(a)(2).

SENTENCE: On December 13, 2012, Jason Perry was placed on supervised probation for eighteen (18) months. Special conditions included: 1) the defendant shall participate in and successfully complete an Alcohol Safety Action Program (ASAP) or other alcohol treatment program as deemed appropriate by the probation office, 2) commencing December 13, 2012, and continuing for eighteen (18) months, the defendant may not operate a motor vehicle anywhere in the United States except (a) to and from work, as incident to or required by work, (b) to and from court, the probation office, the ASAP, (c) to and from the defendant's place of incarceration, and (d) to and from school, with a schedule approved in advance by the probation office; 3) commencing December 13, 2012, and continuing for eighteen (18) months, the defendant may not operate a motor vehicle anywhere in the United States unless it is equipped with an Interlock Ignition Device; 4) the defendant shall serve a period of six (6) days incarceration with the Bureau of Prisons, which may be served on the weekends or other intermittent times as deemed appropriate by the probation office; 5) the defendant shall not use any illegal drugs or consume any alcohol while on probation; and 6) the defendant shall pay a $300 fine, $25 processing fee and a $10 special assessment fee as to 3711542, to be paid by January 13, 2013.

ADJUSTMENT TO SUPERVISION: On December 13, 2012, the defendant's supervised probation commenced in the Eastern District of Virginia. The defendant was initially enrolled in the VA ASAP upon commencement of probation. On January 10, 2013, he paid all money owed to the Court. On February 4, 2013, he completed the six (6) days of jail confinement. On June 3, 2013, the defendant completed alcohol treatment through the VA ASAP. Due to the extra expense, the defendant decided not to obtain his restricted operator's license while on probation and reported he was not planning to drive while on probation.

At present, he resides with his roommates in a single family home in Sterling, Virginia, continues to receive medical disability from the U.S. government, and is a full time student at the Northern Virginia Community College. He plans to obtain a degree in computer science.

While on supervision, the defendant's adjustment on probation has been fair. Although cooperative while on supervision, he has decided to operate a motor vehicle without being legally licensed to do so.

VIOLATIONS: The following violations are submitted for the Courts consideration:

| | |
|---|---|
| **MANDATORY CONDITION:** | "THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME." |
| **SPECIAL CONDITION #2:** | "COMMENCING DECEMBER 13, 2012, AND CONTINUING FOR EIGHTEEN (18) MONTHS, THE DEFENDANT MAY NOT OPERATE A MOTOR VEHICLE ANYWHERE IN THE UNITED STATES EXCEPT (A) TO AND FROM WORK, AS INCIDENT TO OR REQUIRED BY WORK, (B) TO AND FROM COURT, THE PROBATION OFFICE, THE ASAP, (C) TO AND FROM THE DEFENDANT'S PLACE OF INCARCERATION, AND (D) TO AND FROM SCHOOL, WITH A SCHEDULE APPROVED IN ADVANCE BY THE PROBATION OFFICE." |

**Petition on Probation**
**Page 3**
**RE: PERRY, Jason D.**

| | |
|---|---|
| **SPECIAL CONDITION #3:** | "COMMENCING DECEMBER 13, 2013, AND CONTINUING FOR EIGHTEEN (18) MONTHS, THE DEFENDANT MAY NOT OPERATE A MOTOR VEHICLE ANYWHERE IN THE UNITED STATES UNLESS IT IS EQUIPPED WITH AN INTERLOCK IGNITION DEVICE." |

An Atlas hit, coupled with a telephone call from local law enforcement revealed that on January 8, 2014, the defendant was charged in Fairfax County, Virginia, for Speeding 47/30 MPH Zone, case #GT14004352-00, and Drive Under Revoked/Suspended Operator's License, case #GT14004353-00. These charges are pending and the next court date is set for March 3, 2014.

During a telephone conversation with the defendant on January 8, 2014, the defendant admitted to the new charges and is remorseful. The defendant claimed that he needed to pick up his therapy dog but his ride cancelled on him at the last minute. He stated he realizes that he should not have been driving but stated he is prepared to accept the consequences of his actions.

CJN/lmg